**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4475**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

UNDER SEAL,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CR-03-337)

─────────

Submitted:  February 22, 2006        Decided:  March 14, 2006

─────────

Before TRAXLER, KING, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

James Wyda, Federal Public Defender, Susan M. Bauer, Assistant Federal Public Defender, Sherri Lee Keene, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Jane F. Nathan, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's affirmance of the magistrate judge's order denying Appellant's motion for a judgment of acquittal and judgment convicting Appellant of knowing use of falsified registration tags, in violation of Maryland Transportation Code § 14-110(g) (LexisNexis 2001). Finding no error, we affirm.

Following a bench trial and the subsequent guilty verdict, Magistrate Judge DiGirolamo sentenced Appellant to two years' probation, including substance abuse treatment, and 100 hours' community service. Pursuant to Federal Rule of Criminal Procedure 58(g), Appellant appealed to the district court, which affirmed the magistrate judge's order and judgment.

On appeal to this court, Appellant argues there was insufficient evidence to support his conviction. More specifically, Appellant maintains the district court should have vacated his conviction because it was predicated on an uncorroborated admission — Appellant's statement to United States Parks Police Sergeant Lori Panarello that he knew the vehicle's registration tags were "not good" — in violation of firmly established Supreme Court precedent.

In reviewing the district court's affirmance of the magistrate judge's denial of a motion for judgment of acquittal, this court reviews de novo whether substantial evidence existed,

- 2 -

which, taken in the light most favorable to the United States, would permit the trier-of-fact to find the defendant guilty beyond a reasonable doubt.   Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004), cert. denied, 125 S. Ct. 1828 (2005).  In making this assessment, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).  Further, we permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Turning to Appellant's contention, it is well-settled that a defendant's conviction cannot rest entirely on his uncorroborated extrajudicial confession.   Wong Sun v. United States, 371 U.S. 471, 488-89 (1963); United States v. Hall, 396 F.2d 841, 844-45 (4th Cir. 1968).  In Wong Sun, the Supreme Court clearly stated that "extrinsic proof" is needed to "'fortif[y] the truth of the confession,'" but that the corroborative evidence need not "'independently establish[ ] the crime charged . . . .'"  371 U.S. at 489 (quoting Smith v. United States, 348 U.S. 147, 156 (1954); see United States v. Norman, 415 F.3d 466, 470-71 (5th Cir. 2005) ("The government need not introduce independent evidence on every element of the crime, however.   If there is extrinsic evidence tending to corroborate the confession, the confession as

a whole is admissible; and some elements of the offense may be proven entirely on the basis of a corroborated confession." (citation and internal quotation marks omitted)), <u>cert. denied</u>, 126 S. Ct. 1087 (2006).  This evidence, which includes circumstantial evidence, must tend to establish the trustworthiness of the confession.  <u>Opper v. United States</u>, 348 U.S. 84, 93 (1954).

We find that the Government presented sufficient evidence to support the trustworthiness of Appellant's admission to Sgt. Panarello about the invalidity of the vehicle's registration tags. The Government presented credible evidence to prove the vehicle's registration tags were not legitimate, including Sgt. Panarello's testimony that the registration tags were fraudulent and a certified record from the Virginia Department of Motor Vehicles, showing it had no record of any registered vehicle with a vehicle identification number ("VIN") corresponding with the VIN written on the vehicle's registration tags.  Accordingly, as Appellant's conviction did not improperly rest upon his uncorroborated admission, we find the district court's ruling affirming the denial of Appellant's Rule 29 motion was correct.  We further find the Government presented sufficient evidence of Appellant's guilt, and thus we affirm Appellant's conviction.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED